LAW OFFICES
**BAFUNDO, PORTER, BORBI & CLANCY, LLC**
**The Rothman Building**
999 Route 73 North, Suite 103
Marlton, New Jersey 08053
(856) 424-5400
Attorneys for Plaintiff,
Alicia Vitale Miller, Principal of Rack's Bar and Grill, Inc.

| | |
|---|---|
| ALICIA VITALE MILLER, Principal of RACK'S BAR AND GRILL, INC.<br><br>Plaintiff(s),<br><br>vs.<br><br>STATE NATIONAL INSURANCE COMPANY and IMAGINE INSURANCE COMPANY,<br>Defendant(s) | **UNITED STATES DISTRICT COURT DISTRICT OF NEW JERSEY**<br><br>CIVIL ACTION NO.<br>1:12 cv 04371*(JHR) (AMD)* |
| RACK'S BAR AND GRILL, INC.,<br><br>Plaintiff(s),<br><br>vs.<br><br>STATE NATIONAL INSURANCE COMPANY and IMAGINE INSURANCE COMPANY,<br>Defendant(s) | *Motion Day: September 4, 2012* |

**PLAINTIFF'S BRIEF IN REPLY TO DEFENDANT'S CONSOLIDATED OPPOSITION TO PLAINTIFF'S MOTION TO REMAND AND MOTION TO DISMISS IMAGINE INSURANCE COMPANY**

BAFUNDO, PORTER, BORBI & CLANCY, LLC
Attorneys for Plaintiff, Alisha Vitale Miller,
Principal of Rack's Bar & Grill

On Brief: Robert A. Porter, Esquire

## STATEMENT OF FACTS

Plaintiff has no additional facts to add to their prior brief.

## LEGAL ARGUMENT

### Circumstances Presented To The
### Court Warrant A Remand To The State Court

Defendant's opposition to Plaintiff's Motion for Remand turns logic and statutory construction on its head.

The issue before the Court is whether it should retain jurisdiction where the only defendant in the case could have removed the matter to federal court, but instead actively litigated the matter in State Court for over 18 months including depositions, requiring Plaintiffs to answer interrogatories, attending management conferences and seeking leave to appeal, should now be permitted to revive the 30 day period for removal to federal court based on the addition of a new entity that was dismissed before it filed its Answer.

All doubts over remand as to the federal court's jurisdiction are resolved in favor of remand. Hoffman v. Medtropolitan Life Insurance, 2012 WL 3185953 (D.N.J. 2012) (Rodriquez J.)

The application for removal in this case was made by an entity, Imagine, that is not in the case. State National does not dispute they were dismissed before an Answer was filed. There is no dispute that 28 U.S.C. §1446 (b) requires a party to remove a matter to federal court within 30 days of service.

There is no dispute that State National Insurance could have initially removed this matter from the State Court but instead actively and aggressively litigated this matter in the state court for eighteen months including seeking leave to appeal several of the trial

court's rulings. Defendant argues, in its opposition, for remand that a party who could have initially removed a matter to federal court and failed to do so has the time for removal revitalized by the addition of a entity that was dismissed before its Answer was filed.

Johnson v. Heublein, Inc. 227 F.3d 236 (5th Cir.) holds otherwise. There the court held that where the original party could have initially removed the matter to federal court, as State National could have done here, but failed to do so, and thereafter plaintiff amends its Complaint so as to so substantially alter the character of the action and constitute essentially a new law suit, the thirty day time limitation is revived.

The rationale for the revival exception to the 30 day removal rule is that a defendant may be willing to remain in state court to litigate a particular claim and be unwilling to remain in state court to adjudicate a completely different claim. Id. Plaintiffs have never amended to create a new cause of action. Nor can State National argue that the Amended Complaint so changed the nature and character of the action so as to constitute a new lawsuit. The cause of action, has and always has been bad faith negotiations on the part of a liability insurance company that resulted in a verdict in excess of the coverage which the carrier then refused to pay.

Defendant cites no cases where the original defendant could have moved for removal but failed to do so, and then a new defendant is then added but dismissed before the new defendant Answers as constituting revival of the 30 day limitation on removal, and an exception to the thirty day rule.

The issue of revival "must be determined in each case with reference to its purposes and those of the 30-day limitation on removal to which it is an exception,

and...the proper allocation of decision-making responsibilities between state and federal courts. Wilson v. Intercollegiate (Big Ten)Conference A.A., 668 F.2d926, 965 (7th Cir. 1982).

Defendant, State National, cites a number of cases where Plaintiff initially alleged an amount in controversy in a state court proceeding sufficient to establish federal jurisdiction. Then, after removal, Plaintiff sought to amend that amount to deprive the federal court of jurisdiction. Paul Mercury Indemnity Co. v. Red Cab, 524 U. S. 283 (1938); In re Shell Oil Co., 970 f.2d 355 (7th Cir. 1992); Rogers v. Wal-Mart Stores, 230 F. 3d 868 (6th Cir. 2000). The courts have not accepted this tactic as a way of avoiding federal jurisdiction. Defendant's analogy to cases where a Plaintiff asserted an amount in damages in the state court that would justify removal, and then modified that amount after removal is sought to try and defeat diversity, is nonexistent. Here, Imagine is no longer in the case. The only defendant in this action, State National Insurance, actively litigated this matter, without moving for removal for eighteen months.

Several comments are in order regarding factual statements made in State National's brief. Contrary to the contention on page 2, of Defendant's brief, that the Plaintiff's 'fought' to add Image as a defendant in to this lawsuit, Plaintiff's application to add Imagine was unopposed. Additionally, the allegation that Plaintiff's counsel attempted to mislead the Court is without basis as is stated in fn 2. As the Court now knows, Plaintiff, Rack's dismissed its Complaint against Imagine before an Answer was ever filed by them. Plaintiff, Miller, dismissed against Racks 30-to 45 minutes after the Answer was filed. In this bad faith claim, Plaintiff maintains, although the subrogees are different the Plaintiffs in both actions are the same; i.e. the policy holder. If the Court

determines that the plaintiffs are different in each suit, Plaintiff, Miller, also filed a Motion to Dismiss against Image since her Dismissal was filed after the Answer. There is no intent to mislead the Court.

## CONCLUSION

Accordingly, Plaintiff requests the Court grant its Motion and remand this matter back to the state court.

Respectfully submitted,

ROBERT A. PORTER

LAW OFFICES
**BAFUNDO, PORTER, BORBI & CLANCY, LLC**
**The Rothman Building**
999 Route 73 North, Suite 103
Marlton, New Jersey 08053
(856) 424-5400
Attorneys for Plaintiff,
Alicia Vitale Miller, Principal of Rack's Bar and Grill, Inc.

| | |
|---|---|
| ALICIA VITALE MILLER, Principal of RACK'S BAR AND GRILL, INC.<br><br>Plaintiff(s),<br><br>vs.<br><br>STATE NATIONAL INSURANCE COMPANY and IMAGINE INSURANCE COMPANY,<br>Defendant(s) | **UNITED STATES DISTRICT COURT DISTRICT OF NEW JERSEY**<br><br>CIVIL ACTION NO.<br>1:2 cv 04371*(JHR) (AMD)* |
| RACK'S BAR AND GRILL, INC.,<br><br>Plaintiff(s),<br><br>vs.<br><br>STATE NATIONAL INSURANCE COMPANY and IMAGINE INSURANCE COMPANY,<br><br>Defendant(s) | **CERTIFICATION OF SERVICE** |

The undersigned hereby certifies that the within Brief in Reply has been filed electronically with the Clerk of the United States District Court, District of New Jersey, and copies of all documents have been forwarded to all parties involved on this day of August 24, 2012.

BAFUNDO, PORTER, BORBI & CLANCY

_____
ROBERT A. PORTER

Dated: August 24, 2012