IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ALISHA VITALE MILLER, PRINCIPAL OF RACK'S BAR & GRILL, INC., <br>       Plaintiff, <br><br> v. <br><br> STATE NATIONAL INSURANCE COMPANY AND IMAGINE INSURANCE COMPANY LIMITED, <br>       Defendant. | CIVIL ACTION NO.: <br> 1:12 cv 04371 (JHR)(AMD) <br><br> PLAINTIFF RACK'S BAR & GRILL, INC. BRIEF IN REPLY TO DEFENDANTS' CONSOLIDATED OPPOSITION TO PLAINTIFFS' MOTIONS TO REMAND AND TO MILLER'S MOTION TO DISMISS IMAGINE |
| RACK'S BAR & GRILL, INC., <br>       Plaintiff, <br><br> v. <br><br> STATE NATIONAL INSURANCE COMPANY AND IMAGINE INSURANCE COMPANY LIMITED, <br>       Defendant. | DOCUMENT FILED ELECTRONICALLY <br><br> ORAL ARGUMENT REQUESTED <br><br> MOTION RETURN DATE:  9-4-12 |

## TABLE OF CONTENTS

| HEADING | PAGE |
|---|---|
| TABLE OF AUTHORITIES | ii |
|    A. Caselaw | ii |
|    B. Statutes | iii |
|    C. Court Rules | iv |
|    D. Treatises | v |
|    E. Other | vi |
| ABBREVIATIONS | vii |
| INTRODUCTION | 1 |
| PROCEDURAL HISTORY | 2 |
| LEGAL ARGUMENT | 3 |
| CONCLUSION | 10 |

## TABLE OF AUTHORITIES

### A. Caselaw

| AUTHORITY | PAGES |
|---|---|
| Air-Shields, Inc. v. Fullam, 891 F.2d 63 (C.A.3, 1989) | 6 |
| Ariel Land Owners, Inc. v. Dring, 351 F.3d 611 (3rd Cir., 2003). | 3 |
| Brown v. Demco, Inc., 792 F.2d 478 (C.A.5 (La.), 1986) | 4 |
| Buchner v. F.D.I.C., 981 F.2d 816 (C.A.5 (Tex.), 1993) | 7 |
| Deakins v. Monaghan, 484 U.S. 193, 108 S.Ct. 523, 98 L.Ed.2d 529 (1988). | 4 |
| Delalla v. Hanover Ins., 660 F.3d 180 (3rd Cir., 2011) | 5 |
| Hoffman v. Metropolitan Life Insurance, 2012 WL 3185953 (D.N.J. 2012) | 3, 5 |
| Johnson v. Heublein Inc., 227 F.3d 236 (5th Cir., 2000) | 6 |
| McKnight v. Illinois Cent. R.R., 967 F.Supp. 182 (E.D. La., 1997) | 7 |
| Pierpoint v. Barnes, 94 F. 3d 813, 817 (2d Cir. 1996) | 3 |
| Shell Oil Co., Matter of, 970 F.2d 355 (C.A.7 (Ill.), 1992) | 5-6 |
| University v. Cohill, 484 U.S. 343, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988) | 3 |

**B. Statutes**

| Authority | Pages |
|---|---|
| 28 U.S.C. § 1447 | 5, 6 |
| Pub.L. No. 100-702, § 1016(b), 102 Stat. 4642, 4669 | 3 |

C. Court Rules

| Authority | Pages |
|---|---|
| F.R.Civ.P. 7(b) | 9 |

## D. Treatises

| Authority | Pages |
|---|---|
| 16 James Wm. Moore, Moore's Federal Practice §§ 107.18[2]; 107.41[c][ii][B] (3d ed. 1997). | 7 |

E. Other

| Authority | Pages |
|-----------|-------|
| n/a | n/a |

**ABBREVIATIONS**

Throughout the brief, plaintiff Rack's Bar & Grill, Inc. shall use the following abbreviations:

| Complete Term | Abbreviation |
|---|---|
| Plaintiff Rack's Bar & Grill, Inc. individually | Plaintiff or movant |
| Plaintiff Alicia Vitale Miller, principal of Rack's Bar & Grill, Inc. individually | Alicia |
| Plaintiff Rack's Bar & Grill, Inc. and plaintiff Alicia Vitale Miller, principal of Rack's Bar & Grill, Inc. collectively | Plaintiffs |
| Defendant State National Insurance Company | SNIC |
| Defendant Imagine Insurance Company Limited | Imagine |
| Defendant's notice of remand | The remand notice |
| The case that is the subject of the motion | The case or this case |
| The United States District Court For The District of New Jersey, Camden Vicinage | The Court or this court |
| The Superior Court of New Jersey, Law Division, Civil Part, Camden Vicinage | The State Court |
| The Superior Court of New Jersey, Appellate Division | The State Appellate Court |
| Defendants' Consolidated Opposition To Plaintiffs' Motions To Remand And To Miller's Motion To Dismiss Imagine | Defendant's brief |

<u>**INTRODUCTION**</u>

    Unless otherwise specified, all references below to exhibits shall be to the exhibits identified in and annexed to the certification of counsel submitted herewith.

## PROCEDURAL HISTORY

For brevity's sake, in lieu of burdening the Court with additional procedural history, plaintiff relies upon the procedural history set forth in plaintiff's Brief In Support Of Plaintiff Rack's Bar & Grill, Inc.'s Motion To Remand.

## LEGAL ARGUMENT

## A REMAND BEST PROMOTES THE VALUES OF ECONOMY, CONVENIENCE, FAIRNESS AND COMITY

"[T]he phrase 'defect in removal procedure' must be interpreted broadly". See <u>Hoffman v. Metropolitan Life Insurance</u>, 2012 WL 3185953 (D.N.J. 2012 )(Rodriguez, J.)(citations omitted)(citing <u>Pierpoint v. Barnes</u>, 94 F. 3d 813, 817 (2d Cir. 1996)). Congress recognized that "[r]emoval late in the proceedings may result in substantial delay and disruption." <u>Ariel Land Owners, Inc. v. Dring</u>, 351 F.3d 611 (3rd Cir., 2003). Here, SNIC consented to removal but did not seek removal of its own accord. Instead, for 18 months, SNIC litigated the case in state court. Now, SNIC is the only defendant who remains in this action against plaintiff insofar as plaintiff successfully dismissed the case as to Imagine before that party filed a responsive pleading. Allowing this case to proceed in this Court at this juncture "would be manifestly inconsistent with the objectives of judicial economy…" of the 1988 Judicial Improvements and Access to Justice Act, Pub.L. No. 100-702, § 1016(b), 102 Stat. 4642, 4669. <u>Ariel Land Owners, Inc. v. Dring</u>, 351 F.3d 611 (3rd Cir., 2003)(citations omitted). As noted by the Court in <u>University v. Cohill</u>, 484 U.S. 343, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988):

3

> a remand may best promote the values of economy,
> convenience, fairness, and comity. Both litigants and
> States have an interest in the prompt and efficient
> resolution of controversies based on state law.

Id. Such is the case here, where Imagine – the only defendant
that sought removal – was voluntarily dismissed by plaintiff.
"Article III of the Constitution limits federal courts to the
adjudication of actual, ongoing controversies between
litigants."   Deakins v. Monaghan, 484 U.S. 193, 108 S.Ct. 523,
98 L.Ed.2d 529 (1988)(citations omitted) (remanding part of case
to state court and staying the remainder of the claim remaining
in federal court).  Further, if the Court grants Alicia's motion
to dismiss Imagine, the parties remaining shall be those who
were litigating the matter 18 months in the state court.

     In support of its argument, defendants argue that if anyone
is to blame for the removal at the late juncture in the state
court proceedings, it is plaintiff by quoting to the following:

> One court has also suggested that the later-served rule is
> unfair to plaintiffs because it exposes them to the
> possibility that at some point later in the litigation,
> they may have to move to federal court. Brown v. Demco,
> Inc., 792 F.2d 478 (C.A.5 (La.), 1986).  As has been
> pointed out, any such unfairness would be the product of a

4

plaintiff's decision to delay service upon a defendant

after serving the first-served defendant.

Delalla v. Hanover Ins., 660 F.3d 180 (3rd Cir.,

2011)(additional citation omitted).  However, such is not the

case here.  The defendant at issue – Imagine – was not joined to

the action until recently and therefore, the argument that

plaintiff somehow delayed in serving Imagine so as to avoid

remand earlier is inapplicable.

   Many of the cases cited by defendant are irrelevant to the

questions raised by the motions at issue here and in some

instances, they actually support plaintiff's position.  For

example, unlike this case, in Hoffman v. Metropolitan Life

Insurance, 2012 WL 3185953 (D.N.J. 2012)(Rodriguez, J.),

plaintiff "waived the right to object to removal after 30 days."

The Hoffman Court explained that "[p]laintiff filed this motion

with the Court 42 days after Met Life filed for removal,

exceeding the 30-day requirement in § 1447(c). This time frame

cannot be ignored when a motion to remand is based on a

procedural defect as opposed to lack of subject matter

jurisdiction."  Id. (footnote omitted).

   Also, in Shell Oil Co., Matter of, 970 F.2d 355 (C.A.7

(Ill.), 1992), as cited by defendants is distinguishable from

this case, since it pertains to a district judge's "practice of

remanding any case in which the plaintiff files an affidavit or

5

stipulation limiting the recovery to less than the jurisdictional amount."  The jurisdictional amount in controversy is not at issue here.  Therefore, the Court may disregard Shell Oil Co., Matter of, 970 F.2d 355 (C.A.7 (Ill.), 1992).

Likewise, Air-Shields, Inc. v. Fullam, 891 F.2d 63 (C.A.3, 1989), as cited by defendants is distinguishable from this case, since it pertains to a district court's reliance on a former but recently abolished statutory remand ground of improvident removal. See 28 U.S.C. § 1447(c) (1982), as amended by 28 U.S.C. § 1447(c) (1988)."

Further, Johnson v. Heublein Inc., 227 F.3d 236 (5th Cir., 2000) as cited by defendants is distinguishable because the district court "timely removed the case under the judicially-created revival exception to the thirty-day requirement of section 1446(b), paragraph one."  In this case, the amendment at issue did not create a radically new suit but rather, merely resulted in the joinder of an additional defendant facing the same claims as faced by the first defendant named to the action (SNIC).  Both were charged with bad faith in the context of a third party bad faith action.  Therefore, the revival exception is simply not present here.  Despite the aforesaid, one could argue that the aforesaid case actually supports plaintiffs' positions.  For, in Johnson, the Court reasoned:

6

The Co-defendants waived their right to remove the case
under the original complaint by (1) failing to file a
notice of removal within thirty days of service of the
initial complaint, and (2) filing both motions to dismiss
and a motion for summary judgment in the state court
proceeding prior to the filing of the amended complaint by
the Co-plaintiffs, thus invoking the jurisdiction of the
state court in resolving the issues presented by the
original complaint. See Buchner v. F.D.I.C., 981 F.2d 816
(C.A.5 (Tex.), 1993); McKnight v. Illinois Cent. R.R., 967
F.Supp. 182 (E.D. La., 1997); 16 James Wm. Moore, Moore's
Federal Practice §§ 107.18[2]; 107.41[c][ii][B] (3d ed.
1997).

Indeed, in this case, SNIC filed an unsuccessful motion to
dismiss, followed by an unsuccessful motion to stay, followed by
an unsuccessful motion for reconsideration and thereafter, an
unsuccessful motion for leave to file an interlocutory appeal.
As admitted in defendant's brief, when plaintiffs sought to
amend the complaint, SNIC fought that amendment, only to later
join forces with Imagine – the new defendant – to remove the
case to this Court. (Defendant's brief, p. 2). In sum, when
SNIC had no success litigating this matter in state court for 18
months and despite unsuccessfully seeking to dismiss and stay

7

the case there, SNIC now seeks a new forum in which to litigate this case.  Yet, defendants accuse plaintiffs of gamesmanship.

## AT PRESENT, DEFENDANTS ARE NOT ENTITLED TO ASK

## FOR A "WITH PREJUDICE" DISMISSAL AS TO IMAGINE

Without ever filing a cross motion to the pending motions, defendants seek affirmative relief in the form of a "with prejudice" dismissal as to Imagine.  See defendant's brief, p. 26-27.  However, F.R.Civ.P. 7(b) states:

(b) MOTIONS AND OTHER PAPERS.

(1) *In General*. A request for a court order must be made by motion.  The motion must:

(A) be in writing unless made during a hearing or trial;

(B) state with particularity the grounds for seeking the order; and

(C) state the relief sought

Accordingly, in the absence of their making a proper motion requesting a "with prejudice" dismissal, defendants are not entitled thereto.

<u>CONCLUSION</u>

For the aforesaid reasons, plaintiff respectfully requests that the Court enter an order in the form previously submitted with plaintiff's motion papers.

Respectfully submitted,
JARVE KAPLAN GRANATO, LLC

DATED:  August 24, 2012

MATI JARVE
JARVE KAPLAN GRANATO, LLC
10 Lake Center Executive Park
401 Route 73 North, Suite 204
Marlton, NJ 08053
Tel.:  856-235-9500
Fax:  856-235-1620
Attorney for plaintiff, Rack's
Bar & Grill, Inc.